UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TARA MENKHAUS, et al., | ) |
| Plaintiffs, | ) Case No.: 1:22-cv-00568 |
| vs. | ) Judge Michael R. Barrett |
| CITY OF MILFORD, OHIO, et al., | ) |
| Defendants. | ) |

**ORDER**

Three motions, all ripe for decision, are before the Court in this matter: Plaintiffs' Corrected Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7); Defendants' Motion to Dismiss Plaintiffs' Verified Complaint (Doc. 11); and Plaintiffs' Motion for Partial Consolidation of their Motion for Preliminary Injunction (as to Count I) with the Trial on the Merits as to Declaratory and Injunctive Relief (Doc. 18).

Overview. On September 30, 2022, Plaintiffs Tara Menkhaus, Linda Cassidy, and Cassidy Enterprises, LLC filed this civil action for declaratory judgment and injunctive relief (pursuant to 42 U.S.C. § 1983) against Defendants City of Milford, Ohio and Christine Celsor (in her official capacity as the City's Planning and Community Development Coordinator). (Doc. 1). They challenge certain sections of the City of Milford's (recently enacted) ordinance that regulates "Short Term Rental Property" ("STRP"), to include property listed for rent on the Airbnb platform. Plaintiffs originally asserted three claims: violation of their right to due process and equal protection under the Fifth and Fourteenth Amendments to the United States Constitution and Article I

1

(§§ 1, 2, 16, and 19) of the Ohio Constitution (Count I); the limitation on municipal authority to suppress interstate commerce under Article I (§ 8) of the United States Constitution (Count II); and violation of their right to be free from excessive fines under the Eighth Amendment to the United States Constitution (Count III). On December 5, 2022, the Court dismissed Count III without prejudice (pursuant to Fed. R. Civ. P. 21). (Doc. 17).[1]

<u>Plaintiffs' Corrected Motion for Preliminary Injunction</u>. Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction on October 3, 2022 (Doc. 5), followed by a Corrected Motion for Temporary Restraining Order and Preliminary Injunction on October 7, 2022 (Doc. 8).[2] The Court promptly held an informal preliminary conference (pursuant to S.D. Ohio. Civ. R. 65.1(a)). (10/07/2022 Minute Entry and NOTATION ORDER). At this time, the parties advised that an evidentiary hearing was not necessary to resolve the "Neighborhood Veto"[3] issue raised in the preliminary injunction motion and they agreed to an interim status quo. To this end, the Court's Minute Entry included the following Notation Order: "[P]er agreement of the parties, during the pendency of this case and until further order of this Court, the City of Milford, Ohio, its officers, officials, employees or agents will not enforce or threaten to enforce City of Milford Municipal Code Sections 740.02, 740.03, and 740.16." (*Id.*). This agreement, as

---

[1] (Doc. 17 PAGEID 235 ("[T]he parties agree that Plaintiffs' Eighth Amendment Excessive Fines Clause claim is not ripe. This Court, therefore, has no jurisdiction over it. *See Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). Plaintiffs' claim is properly dismissed *without* prejudice, "allowing [them] to reassert this claim, should it become ripe in the future." *Id.* (citing *Alltel Tenn., Inc. v. Tenn. Pub. Serv. Comm'n*, 913 F.2d 305, 307 (6th Cir. 1990)); *Oro Capital Advisors, LLC v. Borror Constr. Co., LLC*, Nos. 2:19-cv-5087, 2:20-cv-4894, 2022 WL 3026862, at *11 (S.D. Ohio Aug. 1, 2022) (citing *Alltel*)).).

[2] The undersigned later denied (as moot) Plaintiffs' original (Doc. 5) motion for injunctive relief. (*See* 06/06/2023 NOTATION ORDER).

[3] *See* City of Milford Municipal Code § 740.03. In briefing their Rule 12(b)(6) Motion, Defendants instead characterize this section of the ordinance as the "Buffer Zone Provision." (*See* Doc. 11 PAGEID 124; Doc. 16 PAGEID 215 n.2).

2

endorsed and memorialized by the Court, moots the need for *preliminary* injunctive relief. Accordingly, Plaintiffs' Corrected Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 8) is **DENIED as moot**.

Defendants' Rule 12(b)(6) Motion to Dismiss. Defendants filed a Motion to Dismiss Plaintiffs' Verified Complaint (pursuant to Fed. R. Civ. P. 12(b)(6)) (Doc. 11) on October 21, 2022. Plaintiffs followed (on November 7, 2022) with a reply (Doc. 12) in support of their (then-pending) preliminary injunction motion, explaining that they interpreted Defendants' Rule 12(b)(6) Motion as a memorandum in opposition thereto. Plaintiffs later filed (on November 18, 2022) a memorandum in opposition to Defendants' Rule 12(b)(6) Motion. (Doc. 13). Defendants responded (Doc. 14) to Plaintiffs' (November 7, 2022) reply on November 21, 2022. Defendants then filed a reply in support of their Rule 12(b)(6) Motion (Doc. 16) on December 2, 2022. Defendants' Motion to Dismiss Plaintiffs' Verified Complaint (Doc. 11) **REMAINS PENDING**. Should (Count I and/or Count II of) Plaintiffs' Verified Complaint (Doc. 1) survive Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 11), the Court will set a Status Conference to ascertain next steps and to establish a deadline by which the parties will file cross-motions for summary judgment.

Plaintiffs' Rule 65(a)(2) Motion for Partial Consolidation. Plaintiffs filed a Motion for Partial Consolidation of their Motion for Preliminary Injunction (as to Count I) with the Trial on the Merits as to Declaratory and Injunctive Relief (pursuant to Fed. R. Civ. P. 65(a)(2)) (Doc. 18) on December 15, 2022. Defendants filed a response in opposition on January 4, 2023 (Doc. 19), to which Plaintiffs replied on January 23, 2023 (Doc. 20). Because Plaintiffs' Corrected Motion for Preliminary Injunction has been denied as moot, so, too, must its Rule 65(a)(2) Motion for Partial Consolidation. Accordingly, Plaintiffs'

Motion for Partial Consolidation of their Motion for Preliminary Injunction (as to Count I) with the Trial on the Merits as to Declaratory and Injunctive Relief (Doc. 18) is **DENIED as moot**.

    **IT IS SO ORDERED.**

                                                                          /s/ *Michael R. Barrett*
                                                                          Michael R. Barrett, Judge
                                                                          United States District Court